-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN PATRICK BRADY,

        Petitioner,

                                                                  DECISION AND ORDER
              -v-                                            06-CV-6111L

DIANA IRIZARRY and ELIOT SPITZER,

        Respondent.
_____

KEVIN PATRICK BRADY,

        Petitioner,

              -v-                                            06-CV-6112L

THOMAS VAN STRYDOCK,

        Respondent.
_____

KEVIN PATRICK BRADY,

       Petitioner,

              -v-                                            06-CV-6113L

STEVEN R. SIRKIN,

       Respondent.
_____

KEVIN PATRICK BRADY,

       Petitioner,

              -v-                                            06-CV-6114L

JEROME GORSKI,

       Respondent.
_____

KEVIN PATRICK BRADY,

          Petitioner,

          -v-

THOMAS A. KLONICK,

          Respondent.

DECISION AND ORDER
06-CV-6134L

Before the Court is plaintiff's motion for reconsideration of the Orders dismissing these actions, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Orders of dismissal and judgment were entered in each of these cases on May 17 and 18, 2006. In 06-CV-6111, 06-CV-6112, 06-CV-6113, 06-CV-6114, plaintiff filed a notice of appeal on May 23, 2006. In 06-CV-6134, plaintiff filed a notice of appeal on May 25, 2006.[1]

Rule 60(b) provides for relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time. According to the Second Circuit Court of Appeals:

> Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order. ... Properly applied,

---

[1] The Federal Rules of Appellate Procedure govern the interplay between post-judgment motions brought in the trial court and the transfer of jurisdiction to the Court of Appeals upon the filing of a timely notice of appeal. Specifically, Rule 4(a)(4)(A) provides that the time for appeal runs from the entry of the order resolving a timely motion filed under, *inter alia*, Fed.R.Civ.P. 60, "if the [Rule 60] motion is filed no later than 10 days after entry of judgment." Fed.R.App.P. 4(a)(4)(A)(vi); *and see* Fed.R.App.P. 4(a)(4)(B). Plaintiff filed his motion for reconsideration on **May 30, 2006**, which, due to the Memorial Day holiday, is within the ten-day period specified in the appellate practice rules for Rule 60 motions. Thus, plaintiff's notice of appeal does not deprive this Court of jurisdiction to consider the motion for reconsideration. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982). Moreover, in *Toliver v. County of Sullivan*, 957 F.2d 47 (2d Cir. 1992), the Second Circuit determined that a district court may entertain and *deny* a Rule 60(b) motion despite the court's lack of jurisdiction. Thus, the Court retains jurisdiction to address these motions.

> Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. . . . In other words it should be broadly construed to do "substantial justice," . . . , yet final judgments should not "be lightly reopened." . . . The Rule may not be used as a substitute for a timely appeal. . . . Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.

Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted).

Nothing in plaintiff's motion for reconsideration warrants relief under Fed.R.Civ.P. 60(b). Plaintiff does not demonstrate that there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time, nor does he show that his claims should be reopened in the interest of justice. Accordingly, plaintiff's motion for reconsideration is hereby denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 5, 2006.